EDWARD MAXSON, as commissioner of banking and insurance, complainant,

*v.*

MANUFACTURERS' LIABILITY INSURANCE COMPANY, defendant.

[Argued May term, 1935. Decided October 9th, 1935.]

*Mr. Edmund A. Hayes,* for the appellants.

*Mr. Mark Townsend, Jr.,* for the appellees-respondents.

The opinion of the court was delivered by

BODINE, J.

The defendant prior to June 1st, 1927, was authorized to insure operators of motor vehicles against liability for personal injuries caused to others. Massachusetts required operators of vehicles to carry insurance in companies authorized to do business in that state. Claimant's intestate was general agent for the defendant company in Massachusetts, and had written a number of policies insuring residents of that state. On June 1st, 1927, receivers were appointed for defendant because of insolvency. The Massachusetts commissioner of

insurance revoked the defendant's license to do business, and the registrar of motor vehicles notified those insured that they must obtain other insurance or their licenses to drive would be revoked and their cars taken off the roads.

The defendant's Massachusetts state agent in the meantime notified claimant's intestate of cancellation. He thereupon issued new policies in other companies to cover those who had entrusted their business to him and took assignments of their claims for unearned premiums figured on a *pro rata* basis. It was a claim for these premiums which the court of chancery disallowed, permitting recovery only for premiums figured on the short rate.

The policies provided for a return of premiums figured at the short rate upon cancellation by the insured and at the *pro rata* basis, when the policy was canceled by the company. It was contended that the state agent lacked authority to cancel and that, therefore, the cancellation was not by the company. The cancellation was at all events due to the defendant's insolvency. It is immaterial, as we view it, whether the state agent had authority to cancel or not. Nothing is more useless than a policy of insurance in an insolvent company. The insured should not be embarrassed by the wrong of the company. The short rate is disadvantageous to the insured. The *pro rata* basis enables the insured to replace his insurance for the same rate that he could have obtained it but for the company's insolvency for which he was not responsible. Claims for the unearned premiums figured on the *pro rata* basis should, in equity, have been allowed.

The decree is reversed.

*For affirmance*—PARKER, VAN BUSKIRK, DEAR, JJ. 3.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, WELLS, JJ. 10.